IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>PEGASUS YACHTS INCORPORATED., as Owner of the M/V TIMELESS,<br><br>EMPIRE VENTURES I, LLC, as Owner *pro hac vice* / Bareboat Charterer of the M/V TIMELESS,<br><br>-AND-<br><br>TIMELESS I, LLC, as Owner *pro hac vice*/Operator of the M/V TIMELESS<br><br>FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No.: 25-cv-10587 |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiffs, PEGASUS YACHTS INCORPORATED, as Owner of the M/V TIMELESS, EMPIRE VENTURES I, LLC, as Owner *pro hac vice* / Bareboat Charterer of the M/V TIMELESS, and TIMELESS I, LLC, as Owner *pro hac vice* / Operator of the M/V TIMELESS (hereinafter referred to as "the Vessel") (collectively, "Plaintiffs"), by and through their attorneys, Kaufman Dolowich LLP, submit this Complaint for Exoneration From or Limitation of Liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* (the "Limitation Act"), and alleges upon information and belief as follows:

1) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as it is based upon a federal statute, the Limitation Act. Also, jurisdiction is based upon 28 U.S.C. § 1333, Rule 9(h) of

the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2) Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims and because the Vessel is within the jurisdiction of the United States District Court for the Southern District of New York.

3) At all relevant times mentioned herein, Plaintiff, PEGASUS YACHTS INCORPORATED, ("Pegasus") was and is a domestic business corporation organized under the laws of the State of New York. Pegasus is the registered owner of the M/V TIMELESS (Official No.: 1088208). The Vessel is a United States Flagged passenger vessel utilized in the excursion day cruise business in and about New York Harbor. The M/V TIMELESS is a pleasure yacht and is not sea-going.

4) At all relevant times mentioned herein, Plaintiff, EMPIRE VENTURES I, LLC ("Empire") was and is a domestic limited liability company organized under the laws of the State of New York. At all relevant times, Empire was the owner *pro hac vice* of the M/V TIMELESS pursuant to a Bareboat Charter Agreement entered into with Pegasus on or about December 7, 2017, and extending through August 31, 2030. Under the Bareboat Charter Agreement, Empire was responsible for, among other things, manning and victualing the Vessel, equipping, maintaining, preserving and repairing the Vessel, communicating with Owner, and paying charter hire. At all relevant times, Empire had substantial control of and exercised dominion over the Vessel.

5) At all relevant times mentioned herein, Plaintiff, TIMELESS I, LLC ("Timeless") was and is a domestic limited liability company organized under the laws of the State of New York. At all relevant times, Timeless was the owner pro *hac vice*/operator of the

M/V TIMELESS and in operational command of the Vessel having responsibility for, among other things, the operation of the Vessel, and having substantial control of and exercising dominion over the Vessel.

6) On June 21, 2025, the Vessel was chartered for a day cruise in and about New York Harbor. At approximately 4:15 p.m., the Vessel attempted to dock at the West Harlem Piers located in Harlem, New York. Before docking was complete, the Vessel encountered strong and unexpected wind and current conditions affecting navigation of the Vessel causing it to contact the floating dock. As a result of strong weather and water conditions, the Vessel sustained minor damage and upon information and belief an unknown number of passengers are alleged to have suffered various and ostensibly relatively minor personal injuries (hereinafter, the "Incident").

7) Prior to and at all relevant times mentioned herein, Plaintiffs exercised due diligence to make and maintain the Vessel in all respects seaworthy, and the Vessel was, in fact, tight, staunch, and strong, and fully and properly manned, equipped, and supplied, and in all respects fit and proper for the service in which the Vessel was engaged.

8) The Incident was not due to any fault, neglect, or want of care on the part of Plaintiffs, the Vessel, or any persons or entities for whose acts Plaintiffs may be responsible.

9) Alternatively, if any such faults caused or contributed to the Incident, or to any loss or damage arising from the Incident, which is denied, such faults were occasioned and occurred without Plaintiffs' privity or knowledge.

10) The alleged injuries and damages resulting in claims that were made and which may be made against Plaintiffs and the Vessel, and all other damages in any manner arising out of the Incident were occasioned and incurred without the privity or knowledge of Plaintiffs or any of their directors, officers, stockholders, or agents, and without the privity or knowledge of the Master

of the Vessel, the superintendent, or managing agents of Plaintiffs at or prior to the commencement of the voyage.

11)     The sound value of the Vessel at the time of the voyage did not exceed Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.), and there was no pending freight in connection with the voyage. Accordingly, the value of the Vessel at the termination of the voyage was Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.)

12)     Subject to an express reservation of rights, Plaintiffs herein offer an *Ad Interim* Stipulation for Value for the value of the Vessel in the amount of Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.). An Affidavit of *Ad Interim* Stipulation for Value for the value of the Vessel, in the amount of Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.) in annexed hereto as **Exhibit "A"**.

13)     Additionally, Plaintiffs also provide a Letter of Undertaking in the amount of Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.) as primary security. A Copy of Plaintiffs' Letter of Undertaking in the amount of Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.) is attached herewith as "**Exhibit B**".

14)     Plaintiffs reserve the right to revise and/or amend the *Ad Interim* Stipulation of Value and the bases for calculating the limitation fund subject to approval by the Court.

15)     Plaintiffs are aware of actual and potential demands and claims against them and / or the Vessel arising out of the Incident. Since the Incident, Plaintiffs have received written notice of claims from at least thirty-seven (37) individuals, including the filing of suits in the Supreme Court of the State of New York, County of Queen, Index No.: 726763/2025, on September 12, 2025, captioned, "ANGEL N. REDMOND, Plaintiff, against, NYC CRUISES LLC, EMPIRE

CRUISES, LLC and JOHN DOE (first and last name being fictitious and unknown), Defendants" and in in the Supreme Court of the State of New York, County of New York, Index No.: 162267/2025, on September 15, 2025, captioned, "TINA C. THOMAS, Plaintiff, against, NYC CRUISES LLC, EMPIRE CRUISES, LLC and JOHN DOE, first and last name being fictitious, Defendant(s)."

16) At no relevant time did NYC CRUISES, LLC or EMPIRE CRUISES, LLC own, operator or otherwise control the M/V TIMELESS or have any involvement or connection with the Incident, and therefore, are not proper parties to any suit in connection with the Incident. However, these lawsuits are factually and legally premised upon the Incident underlying this Complaint, *i.e.,* the allision of June 21, 2025, involving the Vessel while attempting to dock at the West Harlem Piers located in Harlem, New York and such lawsuits are properly subject of the instant Exoneration from or Limitation of Liability Action for which this Complaint is filed.

17) The identities of all such potential and other claimants, and the amounts of their claims, however, have not yet been fully determined. Plaintiffs reasonably anticipate and believe that civil actions and claim may be asserted against them in an amount exceeding the total amount for which Plaintiffs and the Vessel may be legally responsible for pursuant to the Limitation Act and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

18) This Complaint for Exoneration from or Limitation of Liability is filed within six (6) months after the Incident and the date Plaintiffs received written notice of a claim, and therefore is timely under 46 U.S.C. § 30529(a).

19) For the foregoing reasons, Plaintiffs, while denying liability to any and all claimants, potential or otherwise, are entitled to, among other defenses, the benefit of exoneration from or limitation of liability as provided in the Limitation Act, Rule F of the Supplemental Rule

5

for Certain Admiralty and Maritime Claims, and all laws supplemental thereto as the incident was occasioned and occurred without their privity or knowledge.

20) Plaintiffs reserve the right to raise certain claims and defenses without prejudice.

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court approve the attached *Ad Interim* Stipulation of Value, setting forth the basis by which the limitation fund was calculated to be Three Million, Seven Hundred Thousand Dollars and 00/100 ($3,700,000)(U.S.);

B. This Honorable Court issue notice to any and all persons asserting claims with respect to which this Plaintiff for Exoneration from or Limitation of Liability seeks exoneration and limitation to file their respective claims with the Clerk of the Court and to serve on the attorneys for Plaintiffs and the Vessel a copy thereof on or before a date to be stated in the notice, and that if any such claimants desire to contest Plaintiffs' claim that they are not liable, or their right to limitation of liability, each such claimant shall also file and serve on the attorneys for Plaintiffs and the Vessel an Answer on or before a date to be stated in the Notice;

C. This Honorable Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against Plaintiffs and the Vessel, and the agents, representatives, employees, or insurers of the Plaintiffs, and/or against any property of Plaintiffs, as well as the lawsuits commenced in Supreme Court of the State of New York, County of Queen, Index No.: 726763/2025, on September 12, 2025, captioned, "ANGEL N. REDMOND, Plaintiff, against, NYC CRUISES LLC, EMPIRE CRUISES, LLC and JOHN DOE (first and last

name being fictitious and unknown), Defendants" and in in the Supreme Court of the State of New York, County of New York, Index No.: 162267/2025, on September 15, 2025, captioned, "TINA C. THOMAS, Plaintiff, against, NYC CRUISES LLC, EMPIRE CRUISES, LLC and JOHN DOE, first and last name being fictitious, Defendant(s)" and any lawsuits arising out of the Incident against "Empire Cruises, LLC" and "NYC Cruises, LLC" to the extent any action alleges that said entities owned, operated, or were otherwise responsible for the Vessel and the Incident, except in this action to recover damages for or with respect to any alleged injury, death, loss, and damage caused by or resulting from the incident;

D. This Honorable Court adjudge that Plaintiffs are not liable and are exonerated with respect to any losses, damages, injuries, or deaths arising from this incident; and,

E. This Honorable Court orders such other and further relief as may be just.

Dated: December 20, 2025

Respectfully submitted,

By: _____
Gino A. Zonghetti
Matthew J. Pallay
KAUFMAN DOLOWICH, LLP
25 Main Street, Suite 500
Hackensack, New Jersey 07601
T: (201) 488-6655 | F: (201) 488-6652
*gzonghetti@kdvlaw.com*
*matthew.pallay@kaufmandolowich.com*

*Attorneys for Plaintiffs, Pegasus Yachts Incorporated, Empire Ventures I, LLC, And Timeless I, LLC*

## VERIFICATION:

Alex Suazo verifies as follows:

I am the Managing Member of Empire Ventures, LLC. I have reviewed the COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY in this matter. Based upon my personal knowledge and my review of business records of Empire Ventures, I, LLC, believe that the allegations of the Plaintiff are true and accurate.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on December 20th, 2025

_____
Alex Suazo