# KAUFMAN | DOLOWICH LLP

### Attorneys at Law

**Kaufman Dolowich LLP**
25 Main Street, Suite 500
Hackensack, New Jersey 07601

40 Exchange Place, 20th Floor
New York, New York 10005

Gino A. Zonghetti
*Co-Managing Partner*
gzonghetti@kaufmandolowich.com

Telephone: 201.488.6655
Facsimile: 201.488.6652

KaufmanDolowich.com

Granted in part.  Plaintiff shall produce medical records and HIPAA compliant authorizations for, a period of ten years preceding the date of accident, all medical providers that either evaluated or treated Plaintiff for any injuries, conditions, or body parts or systems that are implicated by Plaintiff's claims in this case.   SO ORDERED:

June 4, 2026       6/16/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**VIA ECF:**
Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   In the Matter of the Complaint of Pegasus Yachts Incorporated
As Owners of M/V TIMELESS, et al
Civil Action No.: 1:25-cv-10587

Dear Magistrate Judge Lehrburger:

We represent Petitioners in this matter brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 305, et seq. We write concerning a discovery dispute about which we request the Court's assistance.

This matter arises out of an incident occurring on June 21, 2025 when the excursion vessel M/V TIMELESS contacted a docking facility located at the West Harlem Piers while attempting to dock following an excursion.  Passengers aboard the vessel claimed injuries as a result of the contact between the vessel and the dock. On December 20, 2025 a petition seeking exoneration from or limitation of liability was filed on behalf of the owner, operator and charterer of the vessel. Thereafter, the Court entered orders restraining suits and requiring claims to be filed in this matter by no later than March 20, 2026.  Numerous claims were filed and an initial conference was conducted before Your Honor on May 6, 2026 at which time a scheduling order was entered by the Court [ECF Doc. 97]. Pursuant to the scheduling order, claimants, among other things, are to produce to Petitionerw  "HIPAA compliant authorizations for release of relevant medical records of Claimants."  To date, some claimants have produced HIPAA compliant authorizations restricting the release of medical records of Claimants to the date of the incident, forward.  At least one counsel for a claimant, although requested to produce unrestricted HIPAA authorizations or, at least, produce HIPAA authorizations for a period of time prior to the incident forward, has refused to do so.  Many of the Claimants are senior citizens and to date medical records that have been

1

produced reveal that these Claimants suffer from conditions that are clearly degenerative in nature, such as arthritic conditions, degenerative spinal conditions, etc.  Petitioners are eager to meaningfully evaluate the claims presented by Claimants and reasonably resolve claims if possible, particularly since the policy of insurance available to Petitioners to respond to the claims is a policy that erodes as a result of the expenditure of defense fees and settlements.  However, Petitioners cannot engage in any meaningful evaluation of claims without obtaining relevant medical records, which includes any prior treatment for the same or similar injuries claimed in the instant lawsuit by a Claimant.

By filing claims by which they seek damages for alleged personal injuries suffered in the incident, claimants have put their relevant medical conditions at issue. *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 634–35 (S.D.N.Y.1997); *Bayne v. Provost,* 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005). "In cases seeking damages for physical injuries, defendants are frequently 'entitled to explore whether the injuries [p]laintiff claims resulted from [d]efendant's conduct ... in fact ... resulted from some pre-existing condition.'" *Adams v. Taylor*, No. 21-CV-6056EAW, 2023 WL 9791887, at *2 (W.D.N.Y. July 6, 2023), aff'd, 717 F. Supp. 3d 300 (W.D.N.Y. 2024) *quoting De Vargas v. United States*, 401 F. Supp. 3d 346, 347-48 (E.D.N.Y. 2018); *see also Cordero v. United States,* 2021 WL 568079, *2 (S.D.N.Y. 2021) (rejecting argument that medical releases are objectionable solely because they seek medical records predating the automobile accident and finding that defendant is entitled to three years of medical records); *Milner v. Kichar,* 2021 WL 1115897, *6 (D. Conn. 2021) (requiring plaintiff to provide defendants a HIPAA release authorizing defendants to obtain, inter alia, medical records relating to pre-existing conditions for a period of ten years prior to the alleged excessive force); *Roberites v. Huff,* 2013 WL 1337171, *2 (W.D.N.Y.) (where plaintiff claimed police misconduct resulted in injury to his wrist and exacerbation of prior neck and back injuries, discovery relating to plaintiff's past medical history was relevant), report and recommendation adopted by, 2013 WL 1337164 (W.D.N.Y. 2013); *Deckler v. Olander,* 2013 WL 1914485, *1 (D. Conn. 2013) (in personal injury case, defendants are "entitled to know the state of plaintiff's health prior to the accident"); *Melendez v. Falls*, 2010 WL 811337, *2 (W.D.N.Y. 2010) (defendants entitled to inspect records – from a reasonable period before and after the alleged injuries – "that reveal medical conditions or injuries ... that could have contributed to or aggravated the injuries [plaintiff] claims resulted from th[e] incident"); *Kunstler v. City of New York*, 2006 WL 2516625, *4 (S.D.N.Y. 2006) ("[i]f a plaintiff suffers, for example, a wrist injury as a result of allegedly excessive force during an arrest and he seeks damages for that injury, ... the plaintiff may be obliged ... to produce documents reflecting treatment of prior or subsequent injuries to the same wrist"), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007). Accordingly, courts clearly recognize that prior injuries and/or conditions are not only relevant but probative on the issue of a claim for damages in a personal injury lawsuit.

Further, under the maritime law, which is applicable here, where a claimant has pre-existing conditions or injuries a vessel owner is only liable to the extent it negligently aggravates such a condition and "… courts have held that the defendant must compensate plaintiff only for the aggravation itself and not for the pre-existing condition. *Evans v. United Arab Shipping Co.,* 767 F. Supp. 1284, 1294 (D.N.J. 1991), *aff'd sub nom*. *Evans v. United Arab Shipping Co. S.A.G.*, 4 F.3d 207 (3d Cir. 1993). Indeed, "[t]he court has only allowed damages for the increased and augmented suffering and disability which was the proximate result of defendant's act." *Ibid, quoting Scarberry v. Ohio River Co.*, 217 F.Supp. 189, 193 (S.D.W.Va.1963). And, if a claimant would have experienced the symptoms of his/her pre-existing condition at some time in the future regardless of the allegedly negligent act involved in the lawsuit the claim "he can only recover that portion of his damages caused by the aggravating event, and not all damages associated with the pre-existing condition." *Ibid.*

It is respectfully requested that upon consideration of this discovery dispute the Court order that claimants produce medical records and HIPAA compliant authorizations to Petitioners for relevant medical conditions and health care providers who treated claimants for such conditions unrestricted by date. Alternatively, it is respectfully requested that HIPAA authorizations be provided that permit the release of medical records for a sufficient period of time prior to the incident in suit so as to allow Petitioners to meaningfully evaluate the medeical claims of Claimants, which Petitioners assert should be for a period of at least ten years prior to the incident.

We thank the Court for its attention to this matter.

Respectfully submitted,
Kaufman Dolowich, LLP

By:  _____

Gino A. Zonghetti

**Cc: Counsel for All Parties VIA ECF**