UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>PEGASUS YACHTS INCORPORATED, as Owner of the M/V TIMELESS, EMPIRE VENTURES I, LLC, as Owner pro hac vice / Bareboat Charterer of the M/V TIMELESS, -AND TIMELESS I, LLC, as Owner pro hac vice/Operator of the M/V TIMELESS | : | 25-CV-10587 (RA) (RWL)<br><br>**ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Claimants/Respondents' September 15, 2026 letter motion at Dkt. 114 seeking to adjourn the time for their response to the currently pending motion for disqualification filed by Petitioners (the "Disqualification Motion"), opposition to which is due to be filed by September 18, 2026 (Dkt. 110). The request is problematic in multiple respects.

First, Claimants/Respondents claim that Petitioners' letter motion for a conference to discuss establishing a settlement and claim protocol (the "Protocol Motion") "materially affects Claimants/Respondents' opposition to the [pending] disqualification motion." Petitioners filed their Protocol Motion on September 1, 2026 (Dkt. 111); yet Claimants/Respondents did not file the instant request until two weeks later, and even then only upon prompting of the Court that no response had been filed (Dkt. 113), and even though the Court's individual rules require any response to a letter motion to be made within three days. Those circumstances are not consistent with a claim that the Protocol Motion has a "material" impact on Claimants/Respondents' response to the Disqualification Motion.

Second, Claimants/Respondents propose that the Disqualification Motion be heard and decided before the Protocol Motion. Yet, the Disqualification Motion already is the prior-filed motion, and one would think that if Claimants/Respondents had concerns in that respect, they would not be asking for an adjournment of their time to respond to the Disqualification Motion just three days before it is due.

Third, Claimants/Respondents' letter represents that they have discussed the matter with Petitioners' counsel and that he does not object to a request for conference. The Court appreciates that Claimants/Respondents sought Petitioners' counsel's position with respect to holding a conference. But the parties should have discussed the substance of the issues to be addressed at the conference to see if they could agree upon a proposed course of action, and then inform the Court of the outcome. Nor does Claimants/Respondents' letter indicate that they asked for Petitioners' position with respect to Claimants/Respondents' request for extension of their time to respond to the Disqualification Motion.

Accordingly, (1) the Court will schedule a conference to address the two motions; and (2) by **September 17, 2026**, Claimants/Respondents shall file a letter indicating Petitioners' position with respect to Claimants/Respondents' time to respond to the Disqualification Motion.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2026
New York, New York
Copies transmitted this date to all counsel of record.